Eric S. Postma, OSB #993478
epostma@bittner-hahs.com
Nathan B. Pogue, OSB #164611
npogue@bittner-hahs.com
Bittner & Hahs, PC
4949 SW Meadows Road, Suite 260
Lake Oswego, OR 97035
P: (503) 228-5626
F: (503) 228-8566
*Of Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RADAGAST PET FOOD, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**CENTINELA FEED, INC.**, a California corporation, and **THE LOTUS PET FOOD, INC.**, a California corporation,<br><br>Defendants. | Case No. 3:19-cv-01467-JR<br><br>Defendants Centinela Feed, Inc.'s and The Lotus Pet Food, Inc.'s<br>**FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF** |

Defendants Centinela Feed, Inc. and The Lotus Pet Food, Inc. ("Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 34(b), request Plaintiff Radagast Pet Food, Inc. ("Plaintiff or Radagast") produce for inspection the documents described below. In accordance with Rule 34(b), the document production shall be made the offices of Bittner & Hahs, P.C., 4949 SW Meadows Road, Suite 260, Lake Oswego, OR 97035. The document production shall be made within thirty (30) days from the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1. Each of the Requests for Production of Documents ("Requests") is for documents and things in your possession, custody or control, whether or not prepared, authored, created, or executed by you.

PAGE 1 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 1 of 13

2.  The term "document" or "documents" shall be given the fullest interpretation allowed under Rule 26 of the Federal Rules of Civil Procedure. Without limiting the foregoing, "documents" means any form of data compilation, including written, printed, typed, drawn, punched, taped, filmed, recorded, or graphic matter, that you possess, control, or have custody of, or have the right to obtain upon request or demand. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made. If copies of a document are not identical for any reason, including handwritten notations, initials or identifications marks, each non-identical copy is a separate document within the meaning of this definition. With respect to any document created by a word processor, each version of the document and all "document summary," and "document history" information maintained with respect to such document by the word processor or automated information management system is a separate document within the meaning of this definition.

3.  "Writing" or "writings" shall mean each and every document in the possession, custody, or control of Plaintiff, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversation; income tax returns; forms; schedules; worksheets; inter- and intra-office memoranda, reports, comments, worksheets, plans, minutes, notes, notices, or notifications; findings; memoranda; brochures, circulars, bulletins, advertisements, sales catalogs, or literature; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews, or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgment, including the reverse sides of all such documents with printing, typing, or writing on the reverse sides; bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, depositions, transcripts and statements, or summaries or excerpts

PAGE 2 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 2 of 13

thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements, and notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; certificates, pamphlets, books, texts, notebooks, magazines, manuals, journals, publications, and directories; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; drawings; designs; plans; specifications; graphs; blueprints; sketches or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences, or interviews, whether in person or by telephone or by other means; work papers; computer printouts; photographic matter or sound reproduction matter however produced, reproduced, or stored; government reports, regulations, filings, or orders; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any colors or markings thereon.

4.     "Identify" when used with respect to a writing or document means to state the date, the type of writing or document, the author or originator, each addressee, the persons to whom copies were sent, the custodian, the writing's or document's physical location, the writing's or document's subject matter, and the number of pages. In all instances in which a Request calls for identification of writing or documents, it shall be sufficient in lieu of such identification to produce copies of such writings or documents attached to the Answer to these Requests; each such writing or document so produced shall be designated with a paragraph and sub-paragraph number of the Request or Requests requiring its identification. If any writing or document is withheld under claim of privilege or work product, then furnish a list identifying each writing or document for which the privilege or work product is claimed, together with the following information for each such writing: date; sender; recipient; author; addressee; persons to whom copies were furnished; job titles of each of these persons; the relationship of the sender,

PAGE 3 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 3 of 13

recipient, author, addressee, and any other persons to whom copies were furnished; subject matter of the writing or document; number of pages in each writing or document; the bases on which the privilege or work product is claimed, and if the privilege is being asserted in connection with a claim or defense governed by state law, then indicate the privilege being invoked; the paragraph or paragraphs of this request to which the writing or document responds; the type of writing or document; and the person in whose custody the writing or document is presently located; and whether any matter that is not privileged or not work product is discussed or mention that that writing or document.

5.   "Communication" includes ever manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

6.   "Identify" when used in reference to any person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

7.   "Person" or "Persons" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, the parties to this action) shall encompass all predecessor or successor corporations or other legal entities; all past and present parent, subsidiary and affiliate corporations or other legal entities; and all past or present shareholders, directors, officers, trustees, agents, employees, accountants, representatives, and, where not privileged, in-house or outside legal counsel for such corporations or other legal entities.

8.   "Plaintiff" or "you" or "your" means the named Plaintiff in this action, Radagast Pet Food, Inc., its representatives, counsel and all other persons or entities acting or purporting to act under its control or on its behalf.

///

PAGE 4 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 4 of 13

9. "Centinela" and "Lotus" mean the named Defendants in this action, Centinela Feed, Inc. and The Lotus Pet Food, Inc., and its present or former officers, directors, shareholders, consultants, employees, agents, representatives, counsel, its past and present subsidiaries, affiliates and corporate parents and all persons and entities acting or purporting to act under its control or on its behalf.

10. "Complaint" means the Complaint that Plaintiff filed on July 31, 2019 against Centinela Feed, Inc. and The Lotus Pet Food, Inc., in the above-captioned matter.

11. "Expert" when used in these requests means:

    a. Anyone who is an expert within Federal Rule of Evidence 702;

    b. Anyone who has acquired through formal or informal education, training or practical experience, special knowledge or skills in some art, science, trade, profession or other human activities, and is thereby competent to deduce correct inferences or conclusions or opinions from real or hypothetically stated facts and give testimony therefrom, which is consistent with said individual's field or area of special knowledge or skill; or

    c. Anyone whom Plaintiff plans or intends to use as an expert in this action.

12. "Relating to" means constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

13. The words "any" and "all" shall be considered to include "each" and "each and every."

14. "And" and "or" are to be considered conjunctively and disjunctively. "Or" is to be considered to include and encompass "and" and "and/or." "And" is to be considered to include and encompass "or" and "and/or."

15. The use of the word "including" shall be construed to mean "without limitation."

PAGE 5 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 5 of 13

16. The singular or any word shall include the plural, and the plural of any word shall include the singular.

17. Each and every request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portions of it.

18. If any writing requested was, but is no longer, in the possession or subject to the control of Plaintiff, or is no longer in existence, state whether it:

    a. is missing or lost;

    b. has been destroyed;

    c. has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

    d. has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

    e. identify the writings that are missing, lost, destroyed, transferred, or otherwise disposed of, by author, date, subject matter, addressee and the number of pages.

19. These are continuing requests for the production of documents, and if additional documents are received or discovered prior to the date of trial, a supplemental document production should be made, providing such documents as promptly and as long before trial as possible.

## DOCUMENTS TO BE PRODUCED

Any and all documents and communications, as those terms are defined herein, in the possession, custody or control, or otherwise available to Plaintiff, which directly or indirectly refer, relate, constitute, reflect, evidence, or in any way pertain to:

///

PAGE 6 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 6 of 13

**REQUEST NO. 1:** Any and all documents evidencing communications between Plaintiff and Defendants, including but not limited to emails, text messages, phone records, memoranda, letters, or notes from January 2019 to present.

**RESPONSE:**


**REQUEST NO. 2:** Any and all documents between Plaintiff's employees, officers, directors, executives, or agents relating to the allegations set forth in the Complaint.

**RESPONSE:**


**REQUEST NO. 3:** Any and all documents between Plaintiff's employees, officers, directors, executives, or agents and any other third party relating to the allegations set forth in the Complaint.

**RESPONSE:**


**REQUEST NO. 4:** Any and all drafts of the nondisclosure agreement mentioned in paragraph 1 of Plaintiff's Complaint, including any correspondence discussing the substance or provisions of the nondisclosure agreement drafted by any party.

**RESPONSE:**


**REQUEST NO. 5:** Any and all documents discussing the sale or value of Radagast assets or financial information to either Plaintiff or any other third parties, including but not limited to emails, letters, appraisals, notes, memorandum, draft agreements, financial information, due diligence documents, correspondence and documents with other investors or potential investors, or any other documents.

**RESPONSE:**

PAGE 7 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 7 of 13

**REQUEST NO. 6:** Any and all documents evidencing that Rad Cat Raw Diet is confidential intellectual property, including but not limited to its recipes, techniques, trademarks, sourcing information, financial information, industry assessments, marketing plans, growth strategies, production models, specialized equipment, and production and inventory information as alleged in the Complaint.

**RESPONSE:**

**REQUEST NO. 7:** Any and all documents, including emails, notes and meeting minutes, evidencing communications between Plaintiff and Chris Nakagawa, Steve Wells or Daron Matsuura.

**RESPONSE:**

**REQUEST NO. 8:** Any and all documents relating to the separate teleconferences that took place between Plaintiff and Chris Nakagawa, Steve Wells and/or Daron Matsuura between January 2018 to present.

**RESPONSE:**

**REQUEST NO. 9:** Any and all documents evidencing that either Centinela or Lotus had no independent knowledge on how to manufacture raw cat food.

**RESPONSE:**

**REQUEST NO. 10:** Any and all documents between Plaintiff and Defendants relating to the potential purchase of the alleged confidential information set forth in the Complaint.

**RESPONSE:**

///

///

PAGE 8 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL.: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 8 of 13

**REQUEST NO. 11:** Any and all photos, videos, emails, media or other documents relating to the allegations set forth in paragraphs 27 and 28 of the Complaint.

**RESPONSE:**

**REQUEST NO. 12:** Any and all documents or correspondence relating to the alleged asset purchase in paragraph 29 of the Complaint.

**RESPONSE:**

**REQUEST NO. 13:** Any and all documents relating to the alleged "Nakagawa Affidavit" mentioned in paragraphs 33 through 37 of the Complaint.

**RESPONSE:**

**REQUEST NO. 14:** Any and all documents evidencing the financial harm that Plaintiff incurred in the event the allegations in the Complaint are true and accurate.

**RESPONSE:**

**REQUEST NO. 15:** Any and all tax filings of Plaintiff from 2017 to present.
**RESPONSE:**

**REQUEST NO. 16:** Any and all documents related to Plaintiff's financial circumstances between 2015 and present, including but not limited to profit and loss statements, sales reports, periodic financial reports, or other documents depicting Plaintiff's financial circumstances.

**RESPONSE:**

**REQUEST NO. 17:** Any and all documents related to Radagast products being recalled between 2015 and present, including but not limited to any government notices or

///

PAGE 9 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 9 of 13

correspondence, FDA and State Feed control communications, customer complaints, internal investigations, and the effect of these product recalls on Radagast sales and revenue.

**RESPONSE:**

**REQUEST NO. 18:** Any and all documents identifying the equipment list owned by Radagast between January 2018 and present.

**RESPONSE:**

**REQUEST NO. 19:** Any and all documents identifying the valuation and/or sale of Radagast equipment used in manufacturing or producing Radagast products between January 2018 and present.

**RESPONSE:**

**REQUEST NO. 20:** Any and all documents evidencing a list of vendors Radagast used in producing their products.

**RESPONSE:**

**REQUEST NO. 21:** Any and all documents evidencing the ingredient list of Rad Cat Raw Diet, including but not limited to product labels, webpages, advertising materials, regulatory submissions, and investor summaries.

**RESPONSE:**

**REQUEST NO. 22:** Any and all documents, screenshots, or depictions of Radagast websites or webpages from January 2018 to present.

**RESPONSE:**

///

PAGE 10 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 10 of 13

**REQUEST NO. 23:** Any and all documents related to any communications regarding product compliances or product quality issues, including but not limited to documents from federal or state feed control agencies.

**RESPONSE:**

**REQUEST NO. 24:** Any and all documents related to Radagast formulas being complete and balanced for all life stages of a cat.

**RESPONSE:**

**REQUEST NO. 25:** Any and all documents related to Radagast's standard operating procedures (SOPs), flow diagrams of the manufacturing process and SOPs for handling of any meats after high pressure sterilization.

**RESPONSE:**

**REQUEST NO. 26:** Any and all documents related to Radagast's hazard analysis critical control points (HACCP), including but not limited to validation of critical control points and control points.

**RESPONSE:**

**REQUEST NO. 27:** Any and all documents related to Radagast's product quality testing, including but not limited to lab analysis of nutrients, lab analysis or pathogens yeast and mold.

**RESPONSE:**

**REQUEST NO. 28:** Any and all documents related to Radagast's use of natural animal proteins, including but not limited to the proteins being natural, free range, cage free, and hormone and antibiotic free.

PAGE 11 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 11 of 13

**RESPONSE:**

**REQUEST NO. 29:** Any and all documents related to Radagast's sanitation schedules, sanitation programs, and environmental programs.

**RESPONSE:**

DATED this 26th day of February, 2020.

                                         BITTNER & HAHS, P.C.

                                         By: _____
                                                    Eric S. Postma, OSB #993478
                                                    Nathan B. Pogue, OSB #164611
                                                    *Of Attorneys for Defendants*

PAGE 12 – DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 12 of 13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2020, I served the foregoing **DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF** on the following individual:

Elizabeth Tedesco Milesnick, OSB #050933
Idealegal
2240 N. Interstate Avenue, Suite 270
Portland, OR 97227
E: <u>emilesnick@idealegal.com</u>
*Of Attorneys for Plaintiff*

via electronic mail and U.S. Mail.

DATED this 26th day of February, 2020.

BITTNER & HAHS, P.C.

By: _____
Eric S. Postma, OSB #993478
*Of Attorneys for Defendants*

Page 1 -   CERTIFICATE OF SERVICE

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

EXHIBIT D
Page 13 of 13