**Elizabeth Tedesco Milesnick**, OSB No. 050933
emilesnick@idealegal.com
IDEALEGAL
2240 N Interstate Ave., Ste. 270
Portland, Oregon  97227
Telephone:  (503) 902-5760

Attorneys for Plaintiff Radagast Pet Food, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RADAGAST PET FOOD, INC., an Oregon corporation, | Case No.: 3:19-cv-01467-JR |
| Plaintiff, | |
| vs. | PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| CENTINELA FEED, INC., a California corporation, and THE LOTUS PET FOOD, INC. a California corporation, | |
| Defendants. | |

Plaintiff Radagast Pet Food, Inc. ("Radagast") provides the following responses to

Defendants Centinela Feed, Inc.'s ("Centinela") and The Lotus Pet Food, Inc.'s ("Lotus")

(collectively, "defendants") First Request for Production of Documents ("Requests"), dated

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 1

IDEALEGAL LLC
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 1 of 13

February 26, 2020.  Subject to the below objections, Radagast intends to produce responsive documents within thirty (30) days of the date of these responses.

## **GENERAL OBJECTIONS**

Each of the following general objections is incorporated into each of Radagast's specific responses as set forth in full below.  Radagast does not intend to waive any general objection even though it may provide a substantive response to the Requests.

1.      Radagast objects to the Requests to the extent they call for the disclosure of (i) attorney-client communications, (ii) information that was prepared for, or in anticipation of, litigation, (iii) information protected by the joint-defense or common-interest privileges, (iv) information protected by the consulting expert privilege, or (v) information that is otherwise privileged or immune from discovery.

2.      Radagast objects to the Requests to the extent they are unduly burdensome, oppressive, and disproportionate to the needs of this case.  Radagast's responses are based upon a reasonable search of facilities and files that could reasonably be expected to contain responsive information.

3.      Radagast objects to the Requests, including the definitions set forth in the Requests, to the extent the Requests seek to impose obligations on plaintiff not required by the Federal Rules of Civil Procedure and the local rules of this Court.

4.      Radagast objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 2

IDEALEGAL LLC
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 2 of 13

5.     Radagast objects to the Requests to the extent they call for the production of documents not within Radagast's custody, possession, or control.

6.     Radagast objects to the Requests to the extent they seek information that is confidential and/or proprietary information of plaintiff or of third parties.  Radagast will produce such documents subject to the parties' protective order, to the extent possible while complying with any confidentiality agreements with third parties.  Radagast also notes that the parties' current protective order does not include a category for "Highly Confidential—Attorneys' Eyes Only" because Radagast did not believe such information would be relevant to this dispute.  To the extent such information is required to be produced, Radagast will seek an amendment to the protective order adequate to protect its competitively sensitive business information.

7.     Each of these general objections is incorporated into each of Radagast's specific responses as if set forth in full below in order to avoid the unnecessary duplication and repetition of restating them in each individual answer.  The assertion of the same, similar, or additional objections in plaintiff's specific objections to an individual request, or the failure to assert any additional objection to a request, does not waive any of Radagast's general objections. Without waiving said objections, Radagast further responds as follows.

## SPECIFIC RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** Any and all documents evidencing communications between Plaintiff and Defendants, including but not limited to emails, text messages, phone records, memoranda, letters, or notes from January 2019 to present.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 3

EXHIBIT F
Page 3 of 13

**RESPONSE:**  Radagast objects to this Request to the extent it seeks Privileged Information. In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 2:**  Any and all documents between Plaintiff's employees, officers, directors, executives, or agents relating to the allegations set forth in the Complaint.

**RESPONSE:**  Radagast objects to this Request to the extent it seeks Privileged Information. Radagast possesses no non-Privileged Information responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**  Any and all documents between Plaintiff's employees, officers, directors, executives, or agents and any other third party relating to the allegations set forth in the Complaint.

**RESPONSE:** Radagast objects to this Request to the extent it seeks Privileged Information. In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 4:**  Any and all drafts of the nondisclosure agreement mentioned in paragraph 1 of Plaintiff's Complaint, including any correspondence discussing the substance or provisions of the nondisclosure agreement drafted by any party.

**RESPONSE:**  Radagast objects to this Request to the extent it seeks Privileged Information. Radagast objects to this Request as vague, ambiguous, and unintelligible so as to make a response impossible without speculation with regard to phrase "the nondisclosure agreement drafted by any party."  Responding to the portion of the Request that is understood by Radagast, Radagast possesses no non-Privileged Information responsive to this Request.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 4

**IDEALEGAL LLC**
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 4 of 13

**REQUEST FOR PRODUCTION NO. 5:**  Any and all documents discussing the sale or value of Radagast assets or financial information to either Plaintiff or any other third parties, including but not limited to emails, letters, appraisals, notes, memorandum, draft agreements, financial information, due diligence documents, correspondence and documents with other investors or potential investors, or any other documents.

**RESPONSE:** Radagast objects to this Request to the extent it seeks Privileged Information. Radagast objects to this Request as vague, ambiguous, and unintelligible so as to make a response impossible without speculation with regard to phrase "the sale or value of Radagast assets or financial information to… Plaintiff."  Radagast further objects to the extent this Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Radagast also objects to this Request to the extent it seeks Privileged Information.  In response to this Request, Radagast will produce non-Privileged Information in its possession relating to negotiations over the value of its intellectual property during the time period at issue in this action.

**REQUEST FOR PRODUCTION NO. 6:**  Any and all documents evidencing that Rad Cat Raw Diet is confidential intellectual property, including but not limited to its recipes, techniques, trademarks, sourcing information, financial information, industry assessments, marketing plans, growth strategies, production models, specialized equipment, and production and inventory information as alleged in the Complaint.

**RESPONSE:**  Radagast objects to this Request as vague, ambiguous, and unintelligible so as to make a response impossible without speculation with regard to phrase "Rad Cat Raw Diet is confidential intellectual property."  Radagast further objects to this Request to the extent

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 5

**IDEALEGAL LLC**
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 5 of 13

it seeks Privileged Information.

**REQUEST FOR PRODUCTION NO. 7:**  Any and all documents, including emails, notes and meeting minutes, evidencing communications between Plaintiff and Chris Nakagawa, Steve Wells or Daron Matsuura.

**RESPONSE:** In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 8:**  Any and all documents relating to the separate teleconferences that took place between Plaintiff and Chris Nakagawa, Steve Wells and/or Daron Matsuura between January 2018 to present.

**RESPONSE:** In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 9:**  Any and all documents evidencing that either Centinela or Lotus had no independent knowledge on how to manufacture raw cat food.

**RESPONSE:** In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 10:**  Any and all documents between Plaintiff and Defendants relating to the potential purchase of the alleged confidential information set forth in the Complaint.

**RESPONSE:**  Radagast objects to this Request as vague, ambiguous, and unintelligible so as to make a response impossible without speculation with regard to phrase "the potential purchase of the alleged confidential information set forth in the Complaint."  Radagast further objects to this Request to the extent it seeks Privileged Information.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 6

IDEALEGAL LLC
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 6 of 13

**REQUEST FOR PRODUCTION NO. 11:**  Any and all photos, videos, emails, media or other documents relating to the allegations set forth in paragraphs 27 and 28 of the Complaint.

**RESPONSE:** Radagast objects to this Request to the extent it seeks Privileged Information.  In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 12:**  Any and all documents or correspondence relating to the alleged asset purchase in paragraph 29 of the Complaint.

**RESPONSE:** Radagast objects to this Request to the extent it seeks Privileged Information.  In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 13:**  Any and all documents relating to the alleged "Nakagawa Affidavit" mentioned in paragraphs 33 through 37 of the Complaint.

**RESPONSE:** Radagast objects to this Request to the extent it seeks Privileged Information.  In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 14:**  Any and all documents evidencing the financial harm that Plaintiff incurred in the event the allegations in the Complaint are true and accurate.

**RESPONSE:** In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 15:**  Any and all tax filings of Plaintiff from 2017 to present.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 7

**IdeaLegal LLC**
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 7 of 13

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**  Any and all documents related to Plaintiff's financial circumstances between 2015 and present, including but not limited to profit and loss statements, sales reports, periodic financial reports, or other documents depicting Plaintiff's financial circumstances.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**  Any and all documents related to Radagast products being recalled between 2015 and present, including but not limited to any government notices or correspondence, FDA and State Feed control communications, customer complaints, internal investigations, and the effect of these product recalls on Radagast sales and revenue.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**  Any and all documents identifying the equipment list owned by Radagast between January 2018 and present.

**RESPONSE:** Radagast objects to this Request to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  The only such information relevant to this case is the

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 8

**IDEALEGAL LLC**
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 8 of 13

equipment Radagast owned at the time it discussed a potential asset acquisition with defendants, which is in the document defendants produced as  C&L000089.

**REQUEST FOR PRODUCTION NO. 19:**  Any and all documents identifying the valuation and/or sale of Radagast equipment used in manufacturing or producing Radagast products between January 2018 and present.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 20:**  Any and all documents evidencing a list of vendors Radagast used in producing their products.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent Radagast determines there is overlap between vendors defendants are using to produce their raw cat food product, and vendor names Radagast provided to defendants, Radagast will supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**  Any and all documents evidencing the ingredient list of Rad Cat Raw Diet, including but not limited to product labels, webpages, advertising materials, regulatory submissions, and investor summaries.

**RESPONSE:** Radagast objects to this Request as overly broad and unduly burdensome and to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In response to this Request, Radagast will produce documents sufficient to identify how its ingredients appear on

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS - 9

IDEALEGAL LLC
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 9 of 13

Rad Cat Raw Diet® product labels, webpages, and advertising materials.  Radagast's ingredient list did not appear in regulatory submissions, except to the extent they included copies of the Rad Cat Raw Diet® product labels.  To the extent Radagast understands what is meant by the term "investor summaries," none exist.

**REQUEST FOR PRODUCTION NO. 22:**  Any and all documents, screenshots, or depictions of Radagast websites or webpages from January 2018 to present.

**RESPONSE:** In response to this Request, Radagast will produce all relevant, non-Privileged Information in its possession.

**REQUEST FOR PRODUCTION NO. 23:**  Any and all documents related to any communications regarding product compliances or product quality issues, including but not limited to documents from federal or state feed control agencies.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 24:**  Any and all documents related to Radagast formulas being complete and balanced for all life stages of a cat.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 25:**  Any and all documents related to Radagast's standard operating procedures (SOPs), flow diagrams of the manufacturing process and SOPs for handling of any meats after high pressure sterilization.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 10

**IDEALEGAL LLC**
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 10 of 13

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 26:**  Any and all documents related to Radagast's hazard analysis critical control points (HACCP), including but not limited to validation of critical control points and control points.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**  Any and all documents related to Radagast's product quality testing, including but not limited to lab analysis of nutrients, lab analysis or pathogens yeast and mold.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**  Any and all documents related to Radagast's use of natural animal proteins, including but not limited to the proteins being natural, free range, cage free, and hormone and antibiotic free.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 11

IdeaLegal LLC
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 11 of 13

**REQUEST FOR PRODUCTION NO. 29:**  Any and all documents related to Radagast's sanitation schedules, sanitation programs, and environmental programs.

**RESPONSE:** Radagast objects to this Request as seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Dated this 27th of March, 2020.

IDEALEGAL

/s/  *Elizabeth Tedesco Milesnick*
Elizabeth Tedesco Milesnick, OSB No. 050933
E-mail: emilesnick@idealegal.com
Phone: (503) 902-5760

Attorneys for Plaintiff Radagast Pet Food, Inc.

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS - 12

IDEALEGAL LLC
2240 N. INTERSTATE AVENUE, SUITE 270
PORTLAND, OREGON  97227
T. 503-902-5760  |  EMILESNICK@IDEALEGAL.COM

EXHIBIT F
Page 12 of 13

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF

DOCUMENTS by forwarding said copy on March 27, 2020, via email to:

> Eric S. Postma
> Nathan B. Pogue
> Bittner & Hahs, PC
> 4949 SW Meadows Road, Suite 260
> Lake Oswego, OR 97035
> Phone: (503) 228-5626
> E-mail: epostma@bittner-hahs.com
> E-mail: npogue@bittner-hahs.com

> Attorneys for Defendants Centinela Feed, Inc. and The Lotus Pet Food, Inc.

Dated this 27th of March, 2020.

IDEALEGAL

/s/ *Elizabeth Tedesco Milesnick*
Elizabeth Tedesco Milesnick, OSB No. 050933
E-mail: emilesnick@idealegal.com
Phone: (503) 902-5760

Attorneys for Plaintiff Radagast Pet Food, Inc.

CERTIFICATE OF SERVICE - 1