# IdeaLegal

April 15, 2020

VIA E-MAIL

Nathan Pogue
Bittner & Hahs, PC
4949 SW Meadows Road, Suite 260
Lake Oswego, OR 97035
epostma@bittner-hahs.com
npogue@bittner-hahs.com

Re:    Conferral re Defendants' Written Discovery Responses

Nathan,

Thank you for your letter of March 30, 2020, responding to my March 13, 2020 letter about defendants' written discovery responses.

## The Status of Defendants' Objections

On the question of defendants' waiver of its written objections, as you know, defendants were given every opportunity to receive service of the discovery requests by U.S. mail. As your letter observes, my December 12, 2019 email serving the requests expressly states, "We will plan to serve only via email unless you request otherwise." There is no question that you received the discovery requests on December 12, 2019. You never complained of the mode of service or asked for another copy of the requests in either electronic or hard copy form, even in the face of my emails to you on January 22, 2020 and to the Court on February 4, 2020 observing that defendants had waived their objections by failing to make timely responses. Ultimately, defendants served written responses to the discovery requests on Radagast without making any objection the requests were improperly served. To the extent defendants could ever object that Radagast's service of the discovery requests was incomplete, they have long since waived that objection as well. The argument will be seen—and rejected—as a *post-hoc* attempt to avoid the consequences of untimely discovery responses.

To determine if this is an issue for further conferral and possibly briefing as part of a motion to compel, please let me know this: Aside from privileged information, are defendants withholding any information responsive to Radagast's First Set of Interrogatories and First Set of Requests For Production on the basis of defendants' written objections?

**IdeaLegal**

Eric Postma
Nathan Pogue
April 15, 2020
Page 2 of 5

<u>**Supplement Interrogatory Responses**</u>

While we appreciate defendants' efforts to supplement the interrogatory responses, a few important areas still need to be addressed:

- Regarding <u>Interrogatory No. 2</u>, thank you providing additional documents involving Carol Frank. We agree that Radagast can see for itself the Confidential Information contained in the documents themselves. But this interrogatory is not limited to documents. As I pointed out in my first letter, defendants participated in telephone calls with Radagast during which Confidential Information was discussed, and perhaps had subsequent meetings among themselves, calls, or text exchanges discussing the information.[1] Radagast detailed these meetings in its response to defendants' Interrogatory Nos. 2 and 5 and it is critical to know if defendants' recollection of the confidential information provided in those phone calls is the same.

  Also, there appear to be some calls to which Radagast was not a party. Document C&L000526 shows Chris Nakagawa giving Daron Matsuura Carol Frank's cell phone number on October 31, 2018. A few hours later, Ms. Frank sends Mr. Matsuura an email with Radagast's inventory breakdown. The content of this telephone conversation should also be included in defendants' response to Interrogatory No. 2, to the extent any Radagast information was requested or discussed. Please confirm that defendants will supplement their response to this interrogatory to include what defendants recall of what they learned during any telephone calls with Radagast or its representatives. Or let's confer about the matter during our call on April 21, 2020, in advance of a motion to compel.

- <u>Interrogatory No. 3</u> is very specific and requires no speculation. To the best of defendants' recollection, how did Mr. Nakagawa use each piece of Confidential Information (including the Confidential Information discussed during telephone calls), when, and for what purpose? How did Mr. Matsuura use the information? Radagast is not required to learn this information through a deposition. This is the central issue in the case and Radagast is entitled to a written response. Let me know if defendants will supplement or if we should discuss by phone in advance of a motion to compel.

- Regarding <u>Interrogatory No. 5</u>, it is possible, and indeed likely, that defendants <u>remember</u> which documents were shredded, given that the request was made not

---

[1] As defendants acknowledge in response to Interrogatory No. 11, "information reviewed by Mr. Matsuura was received from Radagast or representatives which may have included teleconferences, emails, and discussions."

**IdeaLegal**

Eric Postma
Nathan Pogue
April 15, 2020
Page 3 of 5

    long ago and pursuant to a letter from an attorney. If defendants truly do not remember, the interrogatory should be supplemented to state that this is the case.

- Interrogatory No. 9 asks about Daron Matsuura's role in each of Centinela and Lotus, but the response only describes his role within Lotus. Please supplement to address Ms. Matsuura's role in Centinela or state that he is not involved with the company.

- Your letter indicates that defendants supplemented Interrogatory No. 10, but it continues to refer only to their response to Interrogatory No. 3. This interrogatory refers to "any information Radagast provided" rather than any "Confidential Information." If your position is now that all information Radagast provided was "Confidential Information," and so the response to Interrogatory No. 3 completely responds to Interrogatory No. 10, please let us know.

- Regarding Interrogatory No. 11, your letter states, "The demand that your clients are 'entitled to know' which particular information was reviewed is superfluous due to the fact your client is the one who produced it, knows what was produced, and is aware that all information in those documents was reviewed." Of course Radagast does not know that "all information in those documents was reviewed." Your clients were the individuals reviewing them (or not), but it's certainly not within Radagast's personal knowledge. Also, we are not talking about just "documents" but also the Confidential Information conveyed during phone calls. As noted above, Radagast is not forced to discover this information only by means of deposition. The Federal Rules of Civil Procedure compel your clients to answer this fair, relevant interrogatory, in writing, to the best of their ability (and even if they did not, defendants have waived their objections to it). Please let us know if defendants will meaningfully supplement this interrogatory, or if we should plan to discuss further during our call.

- With regard to Interrogatory No. 12, the supplemental response states, "All information received from Radagast or Carol Frank is in the possession and control of Plaintiff requesting such information, and therefore does not need to be described herein." Again, while this may be true for documents, it is not true for Confidential Information conveyed during phone calls. If defendants sign on to Radagast's description of these calls, they may simply say so. But they may not say nothing.

## Supplement Requests for Production

Your March 30, 2020 letter overlooks the question posed in my last letter regarding the meaning of the statement, "No responsive documents are maintained." Please explain the meaning of this phrase.

2240 N. Interstate Ave. Ste. 270    T. 503 902 5760
Portland, Oregon 97227    E. emilesnick@idealegal.com

EXHIBIT H
Page 3 of 5

**IdeaLegal**

Eric Postma
Nathan Pogue
April 15, 2020
Page 4 of 5

Your letter mentions again the impossibility of "recalling or describing documents already destroyed," but this is the very reason defendants' counsel kept copies of the documents that have been destroyed, so that they could be produced and examined in the context of a lawsuit (which we had hoped to avoid, but could not get defendants' counsel to respond to our letters). We note that defendants' supplemental document production includes another set of Radagast documents that appear to have been attached to an October 31, 2018 email from Daron Matsuura to Chris Nakagawa (C&L000528-659), in response to Mr. Nakagawa's emailed request from an hour earlier asking Mr. Matsuura to "send this file by email" (C&L000524-525). Mr. Nakagawa's email appears to have been sent from an iPad. Please confirm that defendants have reviewed that iPad for any responsive documentation, including any Radagast Confidential Information.

- Regarding RFP Nos. 5, 8, and 14, please confirm there are no notes (hand-written or electronic) about any Radagast Confidential Information, notes from phone calls, emails or other internal communications discussing the information received from Radagast, or any forwarding of or commenting on emails to or from Carol Frank, even between Mr. Nakagawa and Mr. Matsuura, or other company representatives. The request also encompasses any text messages, skype or messaging app conversations, regarding Radagast information, if they exist. Defendants have produced no such information, so please confirm that none exists.

- Please confirm that no information responsive to RFP No. 6 exists, including any documentation relating to email archives or other backups or as a component of a company's hazard analysis and critical control points (HACCP) plan.

- Regarding RFP Nos. 15 and 16, as noted before, defendants contend in their interrogatory responses that Lotus' decision and effort to produce a raw cat food was ongoing for years, and that the product was wholly independently developed, yet defendants have still produced very few documents relating to any analysis of the profitability, market research, equipment research, feasibility, potential price point, manufacturing process or techniques, package design, or many other considerations relating to launching a raw cat food. Provide all such information or confirm that Lotus went to market with a raw cat food product with no more information or analysis than what defendants have already produced.

- Please confirm that no documents responsive to RFP No. 18 are being withheld on the basis of relevance or any other objection.

- Please confirm that there are no documents responsive to RFP No. 22 relating to the marketing strategy (including notes of meetings with sales staff, talking points, or

**IdeaLegal**

Eric Postma
Nathan Pogue
April 15, 2020
Page 5 of 5

emails with tips to address the inevitable comparisons to Rad Cat®) for the raw cat food line Lotus introduced at the Global Pet Expo on March 20-22, 2019.

- In response to RFP No. 23, defendants respond that "[n]o responsive documents are maintained" as opposed to "no documents exist responsive to this request." Please clarify the meaning of this statement and, if defendants recall deleting a document called for by RFP. No. 23, please describe it in accordance with RFP Instruction No. 6.

Thank you for your attention to these matters. Please respond by April 21, 2020, in time to address any unresolved matters during our conferral call at 2 p.m. that day.

Sincerely,

IdeaLegal

Elizabeth Milesnick, Principal

2240 N. Interstate Ave. Ste. 270     T. 503 902 5760
Portland, Oregon 97227     E. emilesnick@idealegal.com

EXHIBIT H
Page 5 of 5