Eric S. Postma, OSB #993478
epostma@bittner-hahs.com
Nathan B. Pogue, OSB #164611
npogue@bittner-hahs.com
Bittner & Hahs, PC
4949 SW Meadows Road, Suite 260
Lake Oswego, OR 97035
P: (503) 228-5626
F: (503) 228-8566
*Of Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RADAGAST PET FOOD, INC.**, an Oregon corporation,

Plaintiff,

v.

**CENTINELA FEED, INC.**, a California corporation, and **THE LOTUS PET FOOD, INC.**, a California corporation,

Defendants.

Case No. 3:19-cv-01467-JR

Defendants Centinela Feed, Inc. and The Lotus Pet Food, Inc.'s **OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE RUSSO'S ORDER RE DEFENDANTS' MOTION TO COMPEL**

Defendants Centinela Feed, Inc. and The Lotus Pet Food, Inc. hereby oppose Plaintiff's Objection to Magistrate Judge Russo's Order Re Defendants' Motion to Compel.

In order to prevail on its objection, Plaintiff must show that Judge Russo's Order on the Motion to Compel was "clearly erroneous." That determination should be made based on the allegations of the First Amended Complaint at the time of the motion hearing, not on the basis of a complaint that Plaintiff offers to revise now. Further, various allegations of the First Amended Complaint imply that Defendants misused Plaintiff's information, and relevant discovery standards permit Defendants to mount a defense against claims that their raw cat food product is the same as Plaintiff's raw cat food product with evidence showing Plaintiff's formula and

processes and how Defendants are different. If Plaintiff truly intends to not rely on evidence of misuse, they should cleanse their complaint of allegations of misuse. Until such time, Defendants should be entitled to discovery to defend against implications of misuse.

**Relevant Facts**

In support of its objection seeking to overturn Judge Russo's ruling on the motion to compel, Plaintiff posits various facts, most of which are not particularly relevant to the determination at issue. Rather than addressing each and every point in the factual allegations by Plaintiff, Defendants will provide a brief rendition of the only relevant points at issue in the lawsuit, and clarify a few points in the Plaintiff's factual allegations that are either incorrect, or do not tell the court the complete story.

Plaintiff starts its rendition of the facts by citing the yet unproven complaint to state that Plaintiff is an industry leader in premium raw cat food, when in reality, they were at one time an industry leader, but no longer. After Plaintiff announced to the public that they were ceasing production of their cat food, they provided Defendants with some information under the auspices of a nondisclosure agreement with the hope that Defendants would buy their company or its assets. Defendants passed on a purchase. Nearly a half a year later, Plaintiff requested that Defendants destroy the information they received and certify by affidavit they had done so. Defendants provided an affidavit after deleting documents, which affidavit Plaintiff found insufficient.

Plaintiff responded by filing a lawsuit seeking $150,000 in damages alleging misuse of the information provided. After over one year of litigation, and thousands of pages of discovery produced by Defendants, Plaintiff refused to comply with a majority of Defendants' discovery requests. After Defendants filed a motion to compel, Plaintiff completely retooled its complaint, removing its claim for damages (except a claim for nominal damages or the time spent by Plaintiff in seeking compliance with its nondisclosure agreement), and attempted to limit the case to one solely for noncompliance with a nondisclosure agreement. Judge Russo, after review of



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

the submissions, the amended complaint, and argument, ruled that Plaintiff had to produce discovery regarding its manufacturing process because the complaint included allegations that suggested that a raw cat food later produced by Defendants many months after Plaintiff stopped making product was "exactly the same" as Plaintiff's product before they stopped production. Judge Russo also ruled, after argument, that the stipulated protective order already in place in the case should be revised to allow for a category of documents available for attorney eyes only, which new order was signed by the court on November 16, 2020.

**Legal Standard**

"A magistrate judge is empowered by the Federal Magistrate's Act and Federal Rules of Civil Procedure 72 to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were "clearly erroneous or contrary to law." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011), (quoting 28 U.S.C 636(b)(1)(A)). Under that standard of review, a district court "may reverse a magistrate's finding <u>only</u> if it is left with the definite and firm conviction that a mistake has been committed." *Id.*, (citing *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64, 67-68 (2d Cir. 1999)) (emphasis added). "Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes, and reversal is appropriate <u>only</u> if that discretion is abused." *Garcia*, 800 F. Supp. 2d at 403 (emphasis added). "[A] party seeking to overturn a discovery order bears a heavy burden." *Gorman v. Polar Electro, Inc.*, 124 F. Supp. 2d 148, 150 (E.D.N.Y. 2000)(citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846, 111 S. Ct. 132, 112 L. Ed. 2d 100 (1990). Plaintiff cannot meet that heavy burden here, because there was no mistake by Judge Russo, which is particularly clear since Plaintiff seeks to revise its already amended complaint in order to reveal the "error."

In order to determine if Judge Russo abused her discretion with a clearly erroneous ruling, the court should examine the allegations of the complaint at the time of the motion and



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

hearing, not as Plaintiff would like to revise the complaint after Judge Russo's ruling. At the time of the motion hearing, Judge Russo was reviewing Plaintiff's First Amended Complaint, which was prepared and filed after the filing of the motion to compel. That complaint includes an allegation, rightfully pointed out by Judge Russo, that Defendants' eventual raw cat food product was supposedly "exactly the same" as Plaintiff's raw cat food product. First Amended Complaint, ⁋ 26. In discovery, Defendants are entitled to evidence that may prove that allegation in the complaint incorrect, and Judge Russo acknowledges that with her ruling.

Plaintiff points to FRCP 26(b)(1) to explain that discovery is available for all nonprivileged matters that are relevant to a party's claim or defense. Citing FRE 401 and cases discussing that standard, Plaintiff also states that the discovery should only be available if the requested discovery "tends to prove a fact at issue." In order to prove Judge Russo's ruling clearly erroneous under that standard, Plaintiff would need to show the court that the allegations Plaintiff included in paragraph 26 of its First Amended Complaint were not facts at issue despite having included the allegations in their complaint. Judge Russo did not err when finding that Plaintiff's manufacturing information was relevant to Defendants' defense and that the products were not "exactly the same" when Plaintiff included that very allegation in its complaint.

While the manufacturing information ordered to be produced by Judge Russo is clearly relevant to Defendants' defense that its product is not "exactly the same" as Plaintiff's product no longer in production, it should not be ignored that Plaintiff is seeking to have Judge Russo's order found in error based upon an incomplete picture of the standard for discoverability of evidence. Plaintiff fails to complete its quotation of FRCP 26(b)(1) in that it left out the final sentence of that section, which states: "Information within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 26(b) is to be "liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial." *United States v. Torrance*, 164 F.R.D. 493, 495 (C.D. Cal. 1995). When Plaintiff includes an



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

allegation in the complaint that insinuates that Defendants' eventual product is "exactly the same" as the product previously made by Plaintiff, a liberal application of the FRCP 26(b)(1) would certainly allow for Defendants to explore in discovery how the products are different. For that reason alone, Judge Russo did not err in allowing discovery to allow Defendants to refute the claims made by Plaintiff in its complaint.

Likely recognizing an error on its own part, Plaintiff now offers to strike paragraph 26 from the First Amended Complaint. However, this court should not weigh whether Judge Russo's ruling on the motion to compel was clearly erroneous based on some future complaint that does not exist now, much less at the time of the hearing on the motion to compel.

Throughout their objection, Plaintiff suggests this is a very narrow case about a request for destruction of documents and certification of that destruction. However, even if paragraph 26 of the First Amended Complaint is removed, the remaining allegations of the complaint belie that claim. Paragraph 25 of the First Amended Complaint included an allegation that Defendants came out with raw cat food products months after Plaintiff stopped producing raw cat food. If the case is simply about a request for a destruction of documents that was not complied with, why is that allegation relevant to the claim at all? Paragraph 27 of the First Amended Complaint includes a hearsay statement from a third party who was under the erroneous impression that Defendants purchased Plaintiff's raw cat food formula. Again, if this case is about the failure to comply with a request for destruction of documents, why is that allegation relevant at all? Paragraph 28 includes a statement about Plaintiff's concern about their confidential information, but their concern is not remotely relevant to a claim that Defendants failed to comply with a destruction request under the auspices of the nondisclosure agreement. Paragraph 35, states that Defendants provided "scant evidence of independent development" of their eventual raw cat food, which only seems to insinuate again that Defendants' misused Plaintiff's information. The prayer of the First Amended Complaint asks for an order that Defendants "cease all use" of Plaintiff's information which, if granted to Plaintiff, would insinuate that Defendants had used



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

the information in the past in developing their own raw cat food product. This is not true and is an allegation that Defendants are entitled to disprove.

Plaintiff claims now that it wants a simple case about the failure to fulfill a request for destruction of documents and certification of that destruction, while their First Amended Complaint still has numerous allegations implying misuse of Plaintiff's information. Plaintiff's offer to remove paragraph 26 is nothing but a disingenuous attempt to limit discovery while leaving the door open at trial to insinuate that Defendants misused Plaintiff's information while Defendants are left without the discovery to combat those claims. Judge Russo did not clearly err in her ruling by requiring the production of documents and information that would allow Defendants to defend against claims that they misused Plaintiff's information.

Plaintiff also says that it will not proffer evidence that the products are the same, and that it will stipulate that the products are different. Plaintiff also states it will not proffer any evidence at trial that Defendants used Plaintiff's "confidential information" for any purpose at all. If that is the case, Plaintiff should be invited to cleanse its complaint of any allegations implying misuse. What Plaintiff describes as "background information" to show the effect on the listener regarding implications of misuse, have no place in a case simply about a failure to comply with a request for a return of documents and an affidavit certifying such. Based on the First Amended Complaint under review by Judge Russo in making her ruling on the motion to compel, it cannot be said that she clearly erred in her requirement for the production of Plaintiff's manufacturing information to defend against allegations of misuse both in paragraph 26 of the First Amended Complaint, and elsewhere.

Plaintiff claims that the production of manufacturing information is disproportional considering the importance of the issue at stake and the importance of the proposed discovery in resolving the issue. What Plaintiff does not explain is why the solution should be that Plaintiff be allowed to continue to insinuate misuse of their information, but that Defendants should not be able to have the discovery to defend against that insinuation with proof that the two raw cat



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

food products are different and independently developed. If discussions about misuse lead to disproportional discovery concerns, the solution should be for any and all such allegations to be removed from the complaint, and a clear indication, by stipulation or court order, that evidence that insinuates misuse will not be presented at trial. Plaintiff has the power to fix this issue if Plaintiff truly intends to proffer no evidence insinuating misuse at trial.

Plaintiff's disingenuousness in its claims that it does not intend to rely upon evidence of misuse at trial is also contradicted by its overall unwillingness to provide the ordered discovery. At the time of the motion to compel and the hearing before Judge Russo, a stipulated protective order was in place requiring that the parties could not use any discovery from the other party for any purpose other than the litigation. Judge Russo, after consideration at the hearing, and subsequent to the hearing, also ruled that the protective order should be expanded to include a category of documents that would be available for review by attorneys only, and their expert witnesses. That protective order was signed by the court on November 16, 2020. Despite that, page 9 of Plaintiff's objection blatantly states that production of Plaintiff's manufacturing information subjects the information to "potential theft and misuse[.]" The prior protective order granted sufficient protection against theft and misuse, and Judge Russo required an even more expansive protective order to prevent theft or misuse. Yet, Plaintiff claims that production may result in theft or misuse. Plaintiff again shows its true colors in that it intends to imply misuse of information at trial, while leaving Defendants unable to prove their raw cat food is different from Plaintiff's.

In closing, it is important to point out that Judge Russo has set a discovery deadline of December 16, 2020 under the notion that Defendants would receive the ordered manufacturing information well in advance of that date so that Defendants could properly depose Plaintiff's principals. Plaintiff has not done that, and the discovery schedule should be adjusted to account for Plaintiff's delay. Further, Plaintiff's objection has no basis in law or fact, and shows how Plaintiff has broadened this litigation beyond reason considering the claims it says it wants to



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

pursue. The case started with allegations of misuse and damages of $150,000, and has now been limited in scope with a claim nominal damages, making Defendants the prevailing party in a significant part of this case. Federal Rules of Civil Procedure 37(b)(2)(C) allows the court to require a party that fails to comply with a discovery order to pay the reasonable attorney fees and costs of the other party. Plaintiff has not complied with a discovery order in a timely fashion to allow Defendants to meet the current discovery deadline and has caused additional expenses for both parties through unnecessary motion practice. This court should consider awarding Defendants their attorney fees resulting from Plaintiff's failure to comply and unnecessary motion practice.

**Conclusion**

Plaintiff's Objection to Judge Russo's Order on the Motion to Compel must fail because her ruling was not clearly in error considering the allegations in the First Amended Complaint. Offers to change the allegations of the First Amended Complaint now only show more clearly how the order was not in error, and do not go far enough since the First Amended Complaint still includes allegations and prayers alleging misuse of Plaintiff's information protected by a nondisclosure agreement. Judge Russo's Order should stand as there is no clear error. Plaintiff should be required to comply with the proper discovery order, the discovery deadline should be adjusted to account for the delay in Plaintiff's production, and the court should consider an award of Defendants' attorney fees and costs incurred because of Plaintiff's failure to comply with the valid discovery order of Judge Russo.

DATED this 1st day of December, 2020.

BITTNER & HAHS, P.C.

By: s/Eric S. Postma
Eric S. Postma, OSB #993478
Nathan B. Pogue, OSB #164611
*Of Attorneys for Defendants*



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2020, I served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE RUSSO'S ORDER RE DEFENDANTS' MOTION TO COMPEL** on the following individuals:

Laura Salerno Owens, OSB #076230
Adam M. Starr, OSB #125393
Molly K. Honoré, OSB #125250
Markowitz Herbold PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
E: laurasalerno@mhgm.com
adamstarr@markowitzherbold.com
mollyhonore@markowitzherbold.com

*Of Attorneys for Plaintiff*

☐ mailing to said person a complete and correct copy thereof, contained in a sealed envelope, addressed as set forth above and deposited in the United States mail in Lake Oswego, Oregon, with postage thereon prepaid, on said day.

☒ emailing to said person at the email address set forth above, a complete and correct copy thereof, on said day.

☐ hand delivering to said attorneys a complete and correct copy thereof, contained in a sealed envelope, at the address set forth above, on said day, and leaving it with the attorneys' clerk, or person apparently in charge of the office, or in a conspicuous place therein if no one was apparently in charge of the office.

DATED this 1st day of December, 2020.

BITTNER & HAHS, P.C.

By: s/Eric S. Postma
Eric S. Postma, OSB #993478
Nathan B. Pogue, OSB #164611
*Of Attorneys for Defendants*



BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566