# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RADAGAST PET FOOD, INC.**, an Oregon corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>**CENTINELA FEED, INC.**, a California corporation; **THE LOTUS PET FOOD, INC.**, a California corporation,<br><br>        Defendants. | Case No. 3:19-cv-01467-JR<br><br>**ORDER** |

**IMMERGUT, District Judge.**

On November 3, 2020, Magistrate Judge Jolie A. Russo, during a telephonic oral hearing, ordered that Defendants' Motion to Compel, ECF 18, is granted in part and denied in part. ECF 42; *see also* ECF 44 (official court transcript of hearing). Specifically, Judge Russo ordered that "Plaintiff shall produce documents related to the manufacturing techniques, recipes/ingredients used, equipment lists, vendors, standard operating procedures, and sourcing information of its Rad Cat product line, but need not produce marketing plans, growth strategies, production models, and inventory information. The motion is [d]enied in all other respects." ECF 42.

Plaintiff filed objections, arguing that the motion should have been denied in its entirety, ECF 49, and Defendants responded. ECF 54.

This Court reviews Judge Russo's order de novo. *See* 28 U.S.C. § 636(b)(1). Because this Court agrees that the documents at issue are discoverable, this Court AFFIRMS Judge Russo's order.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may discover any unprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Pre-trial discovery is "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Judge Russo based her decision on "[P]laintiff's allegation in its amended complaint that defendants' product is, quote, exactly the same, end quote, as plaintiff's product, with the addition of [thiamine]." ECF 44 at 4 (quoting First Amendment Complaint ("FAC"); ECF 23 at ¶ 26). Plaintiff objects to Judge Russo's order on the basis that "Radagast only seeks to require defendants to comply with their obligations under the NDA—e.g., confirm that they have deleted or returned Radagast's confidential information, and say so under oath. . . . Radagast does not allege that defendants used their confidential information to develop a competing line of cat food (or for any purpose)." ECF 49 at 7. Plaintiff also offers that "the Court can [ ] strike paragraph 26 from the First Amended Complaint." *Id*. at 10.

Even if this Court were to strike that paragraph, however, the FAC still alleges that Defendants violated the NDA in part by *using* the confidential information—not only by refusing to delete or return that information. The FAC repeatedly references and alleges Defendants' improper use of confidential information. *See, e.g.,* ECF 23 at ¶ 19 ("The NDA is clear that the

PAGE 2 – ORDER

purpose of Radagast's disclosure . . . is evaluating a possible business transaction") (internal quotation marks omitted); ¶ 23 ("[Defendants] acknowledged that they had no independent knowledge of how to manufacture raw cat food."); ¶ 27 ("Radagast received an email" saying "Lotus has purchased your formula") (internal quotation marks omitted); ¶ 28 ("[P]ursuant to the NDA, the companies should not be using Confidential Information for any purpose."); ¶ 33 (stating that "Paragraph 5 of the NDA" requires defendants to "cease use of all Confidential Information, regardless of the extent to which the companies continue to possess physical or electronic copies of the information"); ¶ 35 (explaining that Plaintiff asked Defendants to "provide evidence, pursuant to Section 6 of the NDA, that Lotus' new raw cat food product has been independently developed"); ¶ 38 (describing this lawsuit as "address[ing] defendants' breach of the NDA, limit[ing] the impact of the breach, enjoin[ing] any further breaches, and protect[ing] the Confidential Information"). The FAC's claim for relief requests a statement "in writing under oath that [Defendants] will cease all use of Confidential Information." ECF 23 at ¶ 41. The FAC's prayer for relief requests an order that Defendants "comply with Section 5 of the NDA by," among other things, "ceasing all use of Radagast's Confidential Information" and "submitting a sworn statement that they have complied with Section 5" of the NDA. *Id*. at 9. Section 5 of the NDA, for its part, states that Defendants must "cease all use of Confidential Information" at Radagast's request. ECF 23-1 at 1.

As such, the premise of Plaintiff's objection to Judge Russo's order—that Plaintiff "does not allege that defendants used their confidential information to develop a competing line of cat food (or for any purpose)"—is incorrect. ECF 49 at 7. The FAC plainly does so. Judge Russo's order permits discovery relevant to those allegations and is proportional to the needs of this case.

## CONCLUSION

For the foregoing reasons, Judge Russo's order, ECF 42, is AFFIRMED.


**IT IS SO ORDERED**.

DATED this 4th day of January, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge