Eric S. Postma, OSB #993478
epostma@bittner-hahs.com
Nathan B. Pogue, OSB #164611
npogue@bittner-hahs.com
Bittner & Hahs, PC
4949 SW Meadows Road, Suite 260
Lake Oswego, OR 97035
P: (503) 228-5626
F: (503) 228-8566
*Of Attorney for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RADAGAST PET FOOD, INC.**, an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CENTINELA FEED, INC.**, a California corporation, and **THE LOTUS PET FOOD, INC.**, a California corporation,<br><br>　　　　　Defendants. | Case No. 3:19-cv-01467-JR<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES** |

**1.　　Background.**

Defendants have moved the court for an award of attorney fees in this action. Defendants are entitled to an award of attorney fees pursuant to FRCP 54.

This case presents as if it is a simple case of breach of a nondisclosure agreement of a cat food manufacturer who provided information to a potential buyer. However, the initial complaint clearly sought to make a larger claim for misuse of confidential information. Defendants successfully litigated this case from a $150,000 claim made in August 2019 to a voluntary dismissal in January of 2021. However, the voluntarily dismissal is the result of an onslaught of unnecessary and burdensome litigation, including multiple discovery requests, needed motions to compel, multiple amendments to Plaintiff's complaint, filed Motions for

PAGE 1 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

Summary Judgment that were withdrawn, scheduling related issues, and ultimately, the lack of any substantive claim against Defendants with real damages.

At the outset, Plaintiff rendered this case much larger and broader than it ever needed to be, sought discovery outside the claims being made (to which Defendants voluntarily provided in hopes of resolution) and then subsequently refused to provide Defendants its own relevant discovery after multiple months of demands and phone calls—which led to a successful Motion to Compel brought by Defendants. By the time the initial attorney realized her claims were going nowhere, Plaintiff—for unknown reasons—hired new counsel in September 2020. New counsel rightfully saw that this case was over litigated and tried to narrow the claims and damages by removing and/or amending various sections in the Complaint. However, new counsel continued to refuse certain discovery and also filed a Motion for Summary Judgment that was later withdrawn. The facts and billing entries show that the over litigation of this case, and the inability to find the necessary evidence from Defendants' own production to substantiate the claims initially brought, was too burdensome and wasteful to continue. Nick Henderson, Plaintiff's third litigation attorney, then took the case over and has rightfully dismissed this case to avoid any further and unnecessary litigation.

To show why this case was over litigated from its inception and to convey the difficult and unnecessary time and expense Defendants' incurred, Defendants have set forth multiple bullet points outlining why the fees and costs became excessive over the course of the last eighteen months.

**Phase 1: Plaintiff's First Attorney, Elizabeth Milesnick** (See billing entries from August 2019 through September 2020):

1. Removal of case to Federal Court.

2. Review, analyzed, and answered the Complaint filed against Defendants.

3. Review and respond to multiple, extensive discovery requests, including request for production and interrogatories.

4. Review of client documentation prior to production in excess of 1000 pages.

PAGE 2 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

5.  Multiple discovery disputes with opposing counsel's unreasonable discovery requests and continued requests for additional information after responses.

6.  Reviewing and responding to multiple letters from opposing counsel requesting additional information and documents that were not responsive or relevant to matter.

7.  Multiple telephone conferences, letters, and demands with opposing counsel requesting the lack of relevant documents that were produced by Defendants.

8.  Multiple attempts at producing additional documents to appease opposing counsel in their search for incriminating evidence of misuse of confidential information.

9.  Multiple responses to Requests for Production and Interrogatories that were drafted and sent by Defendants to appease Plaintiff's counsel.

**Phase 2: Plaintiff's Second Attorney, Adam Starr** (See billing entries from September 2020 to December 2020)**:**

1.  Defendants spent excessive time dealing with Plaintiff's prior counsel's withdrawal and updating new counsel on the status of the litigation and the lack of Plaintiff's production.

2.  Due to Plaintiff's continued refusal to produce clearly relevant discovery, after nearly six-months of demanding production, Defendants were forced to file a motion to compel.

3.  After the motion to compel was filed by Defendants, Plaintiff's new counsel attempted to amend its Complaint to remove any sections relating to the relevant discovery requests by Defendants.

4.  Counsel acknowledged some of the discovery issues and erroneous claims made and amended the answer to remove specific allegations and reduced its damages claim from $150,000 eventually to nominal damages.

PAGE 3 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

5. Defendants were required to answer and address multiple drafts of the amended complaint based on Plaintiff's desire to amend its Complaint in order to avoid its own discovery obligations.

6. Plaintiff, before receiving any stipulation to its amended complaint, filed a motion for summary judgment alleging facts that were clearly discoverable by Defendants but not produced by Plaintiff, which motion was later withdrawn.

7. Defendants' Motion to Compel was partially granted even after the amended complaint had removed several sections relating to Defendants' discovery requests, including amendments to Plaintiff's prayer from $150,000 to nominal damages.

**Phase 3: Plaintiff's Third Attorney, Nick Henderson** (See billing entries from December 2020 to Present):

1. Upon taking the case, Plaintiff's counsel saw the claim for what it was worth and requested a settlement to simply walk away and have the case dismissed.

2. Plaintiff's counsel dismissed this case voluntarily and has now left Defendants having litigated an unsubstantiated claim for well over a year, against three sets of attorneys, and having seen the damages progressively be reduced from $150,000, to nominal damages, to finally a voluntary dismissal.

**2.      Defendants are Entitled to an Award of Attorney Fees.**

In its complaint, Plaintiff prayed for an award of attorney fees pursuant to a nondisclosure agreement between the Plaintiff and the Defendants. Each of the Defendants in this matter filed answers, likewise claiming a right to an award of attorney fees pursuant to the terms of the nondisclosure agreement. After litigation over the course of more than one year, including extensive discovery and motions practice, Plaintiff filed a notice of dismissal against all defendants. (DE 60). The court entered an order of dismissal on February 11, 2021 (DE 61).

///

PAGE 4 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

By way of a Notice of Removal, Plaintiff submitted that this court has diversity jurisdiction of this matter pursuant to 28 USC § 1332(a). (DE 1). In such an instance, this court looks to Oregon law to determine which is the prevailing party in litigation for the sake of a potential award of attorney fees to a party. *Keith Manufacturing, Co., v. Larry D. Butterfield,* No. 3:2015cv02008 (DE 64, p. 14) (D. Or. 2020); citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975). ORCP 54 A(3) allows for a defendant as the prevailing party when the plaintiff files a notice of voluntary dismissal, either with or without prejudice. *Keith Manufacturing, Co., v. Larry D. Butterfield,* No. 3:2015cv02008 (DE 64, p. 14) (D. Or. 2020)*,* citing *Attway, Inc. v. Saffer*, 95 Or. App. 481, 484, 770 P.2d 596, 598 (1989).

The nondisclosure agreement at issue in the lawsuit states that the agreement will be governed according to Oregon law, and states that: "In any litigation concerning this agreement, the prevailing party will be entitled to recover all reasonable expenses of litigation, including reasonable attorney fees at trial and on any appeal." (DE 1, Ex. A, p. 2.) Plaintiff's complaint made a request for an award of attorney fees pursuant to that contract, as did Defendants in their answers. Accordingly, in this diversity case, ORS 20.096 will apply to an award of attorney fees to the prevailing party as allowed by the contract between the parties.

Plaintiff's voluntary dismissal came after the Defendants filed answers in the matter, and was not based on a stipulation between the parties. Presumably then, the Order of Dismissal entered by the Court was pursuant to FRCP 41(a)(2). "A district court has discretion to determine whether to impose costs and fees under Rule 41(a)(2)." *ME2 Prods. v. Sheldon*, 2017 US Dist. LEXIS 173264 (2017); citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). In such a review, it is important for the Court to note that the parties communicated to the Court clerk, before entry of the Order of Dismissal, that the understanding of all parties was that the Defendants would submit a request for attorney fees in the matter as the prevailing party. Postma Dec., ¶ 6, Ex. 1. Citing to the case of *Williams v. Peralta Cnty. Coll. Dist.* 227 F.R.D. 538, 540 (N.D. Cal. 2005), this court ruled in the *ME2 Prods.* Case that the following factors apply to determining an award under FRCP 41 (a)(2): (1) a duplicative

PAGE 5 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR  97035
TEL: (503) 228-5626
FAX: (503) 228-8566

expense for subsequent litigation; (2) the effort and expense by a defendant in preparing for trial; (3) the extent that the litigation progressed; and (4) the diligence of the plaintiff in moving to dismiss. 2017 U.S. Dist. LEXIS 173264 at 8-9.

While this matter is dismissed without prejudice, it is important for this court to consider an award of fees in this instance to prevent a subsequent and duplicate trial of the merits of this matter. As explained in more detail above, and in the supporting declaration of counsel that defendants had to expend significant fees to address a very broad discovery request on an initial complaint that was very broad in its scope, that defense counsel had to expend significant effort to address Plaintiff's unwillingness to provide discovery on its very broad case, and that defense counsel had to expend significant time and fees in order to address a motion to compel in which defendants prevailed and also forced the filing of an amended complaint more limited in scope, as well as a filed motion for summary judgment that Plaintiff eventually withdrew. Declaration of Eric A. Postma in Support of Motion for Attorney Fees ("Postma Dec., Ex. B, ¶¶ 49 – 99). That speaks to the second and third factors indicated above. It also speaks in part to the diligence of Plaintiff in dismissing the matter since dismissal only came after more than a year of contentious litigation with discovery issues and motions practice largely instigated by the Plaintiff.

Precedent shows that, following a voluntary dismissal and order of the Court pursuant to FRCP 41(a)(2), this Court can award attorney fees to the Defendants in this matter as the prevailing party. Indeed, that is precisely what was anticipated by the parties when the dismissal was submitted to the Court. Defendants are entitled to an award of their attorney fees and costs expended in this matter.

3.     **The Amount of Fees Requested Is Reasonable.**

Defendants request an award of $115,398.00 in attorney fees. As the declaration filed in support of this motion demonstrates, the requested amount is reasonable and supported by the record in this action.

///

PAGE 6 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

The first step in the determination of a reasonable amount of attorney fees is a determination of the hours "reasonably expended." *D'Emanuele v. Montgomery Ward & Co.,* 904 F.2d 1379, 1384 (9th Cir 1990), *amended,* 1990 U.S. App. LEXIS 15329 (9th Cir. 1990), *overruled on other grounds, City of Burlington v. Dague,* 505 U.S. 557 (1992). While a court should not award fees that are redundant, excessive, or unnecessary, *Hensley v. Eckhart*, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), this Court should make that determination based on the scope of the case that Plaintiff prosecuted, the fact that it was unsuccessful, and eventually dismissed the matter.

This case started as a claim for $150,000 in damages, although the complaint was clearly drafted in a way to claim misuse of confidential information with an eye towards a potentially larger claim for damages.[1] Defendants had to first address removal to a case with clear diversity. (DE 1). Defendants then had to address informal discovery requests at the outset of the case, followed by overly-extensive discovery requests in the case designed to escalate the case from one for violation of a nondisclosure agreement to one for misuse of information. Postma Dec., ¶ 9. After Defendants incurred significant fees addressing very broad discovery requests from Plaintiff's initial counsel, Plaintiff put significant effort into avoiding responding to Defendants' discovery requests that were equally as broad as those propounded by Plaintiff, and were designed to provide a defense against a claim for six figures with an eye towards expanding the case to a misuse of information claim. Postma Dec., ¶ 9. After extensive referral and multiple additional discovery requests from Plaintiff's counsel, Defendants filed a motion to compel because Plaintiff would not account for discovery that matched the scope of the case that it filed, nor the continued allegations in the complaint and amended complaint alleging misuse of confidential information. (DE 18). After the filing on the motion to compel, Plaintiff amended its complaint to reduce the scope to one commensurate with the discovery they were willing to

---

[1] The eventual amendment of the complaint seeking to remove allegations of misuse of confidential information, and the ruling of the Court on the motion to compel discovery provides examples of how the scope of the case started broad, but was whittled down towards the end of the case.

PAGE 7 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8586

provide, but the Court still granted the motion to compel. (DE 42). Plaintiff's counsel also filed a motion for summary judgment that it eventually withdrew. (DE 24, DE 48). Amended complaints even dropped the claimed damages from $150,000 eventually down to nominal damages only. Only then did a third attorney come on board that appropriately discussed dismissal of the action.

A first glance at attorney fees in this matter show significant fees from defense counsel that may look large for this matter, and could appear to be duplicative and unnecessary. However, this Court should review the scope of the case as filed, the scope of the discovery pursued by Plaintiff, the unwillingness to provide discovery the Court found appropriately requested, extensive motions practice including a withdrawn motion for summary judgment, and an eventual appropriate dismissal of the claim. Plaintiff made this case large, not defendants. An award of attorney fees should consider that when determining the reasonable hours expended.

After reviewing the number of hours reasonably expended, the Court should next determine a reasonable hourly rate. *Chalmers v. Los Angeles*, 796 F.2d 1205 (9th Cir. 1986), *amended* 808 F.2d 1373 (9th Cir. 1987). Using the most recent Oregon State Bar Economic Survey as a benchmark, as adjusted for inflation, the hourly rates requested are commensurate with the experience of the attorneys and staff involved, as well as regional standards for rates. Lead counsel is an attorney with more than 21 years of experience in civil litigation, and bills at a rate of $350 per hour. Postma Dec., ¶ 5. The 2017 Oregon State Bar Economic Survey ("2017 Survey") indicates that the 25th to 75th percentile for attorneys with 21-30 years of experience in the Tri-County area falls between $325 and $475 per hour. Even without adjusting for inflation, the hourly rate of $350 per hour is reasonable and appropriate, considering that inflation of approximately 8% from 2017 to the present would make the 25th percentile for a 20+ year attorney $350 per hour. The second attorney in the matter has five years of experience and bills at rate of $275 per hour, Postma Dec., ¶ 6, which also falls within the 75th percentile for attorneys in the Tri-County area as per the 2017 Survey. Adjusting for inflation of approximately 8% from 2017 to the present, the 75th percentile for a five-year attorney today

PAGE 8 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

would be just under $300, meaning the billed rate of $275 is certainly reasonable. To lower costs, the services of a paralegal with over 30 years of experience was also utilized as is reasonable and appropriate for the region, with a reasonable rate of $160.00. Postma Dec., ¶ 4.

Considering the scope of this case as prosecuted by Plaintiff, the number of hours requested is reasonable. The hourly rates charged are also reasonable considering that the hourly rates for the two attorneys at issue, both experienced in civil litigation, fall approximately at the 50 percentile range for attorneys in the Tri-County area area as per the 2017 Oregon State Bar Economic Survey. Accordingly, the requested fees of $115,398.00 are reasonable and appropriate.

### 4. Conclusion.

In view of the arguments and authorities set forth above, Defendants are entitled to an award of not less than $115,398.00 in attorney fees.

RESPECTFULLY SUBMITTED this 25th day of February, 2021.

BITTNER & HAHS, P.C.


By:  s/Eric S. Postma
Eric S. Postma, OSB #993478
Nathan B. Pogue, OSB #164611
*Of Attorneys for Defendants*

PAGE 9 – DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2021, I served the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES** on the following individual:

Nicholas J. Henderson, OSB #074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
E: nhenderson@portlaw.com
*Of Attorneys for Plaintiff*

via CM/ECF Notice of Electronic Filing.

DATED this 25th day of February, 2021.

                                        BITTNER & HAHS, P.C.

                                        By: s/Eric S. Postma
                                             Eric S. Postma, OSB #993478
                                             *Of Attorneys for Defendants*

Page 1 -   CERTIFICATE OF SERVICE

BITTNER & HAHS, P.C.
4949 SW MEADOWS RD., STE 260
LAKE OSWEGO, OR 97035
TEL: (503) 228-5626
FAX: (503) 228-8566