IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RADAGAST PET FOOD, INC., an
Oregon corporation,

                        Plaintiff

v.

CENTINELA FEED, INC., a
California corporation, and THE
LOTUS PET FOOD, INC., a
California corporation,

                        Defendants.

3:19-cv-1467-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

## BACKGROUND

Plaintiff initiated this action in July 2019 in Multnomah County, Oregon Circuit Court alleging breach of a non-disclosure agreement (NDA) and seeking return of allegedly improperly retained and used confidential information, prohibition on development of any raw cat food product allegedly based on the improperly used information, $150,000 in damages, and an award of fees and costs pursuant to the NDA. Defendant removed the action to this Court on September 11, 2019.

Page 1 – FINDINGS & RECOMMENDATION

The parties engaged in extensive discovery and on September 21, 2021, defendants moved to compel seeking plaintiff's financial information related to the value of plaintiff's company at, during, and after the NDA discussions; manufacturing techniques and recipes/ingredients used; and recall information and correspondence regarding plaintiff's products. On October 9, 2020, in what appeared to be an attempt to avoid the discovery, plaintiff purported to file an amended complaint eliminating all claims including damages and seeking only to enforce compliance with the NDA. Also on October 9, 2020, plaintiff filed a motion for partial summary judgment "on the 'liability' part of its breach of contract claim." Motion for Partial Summary Judgment (ECF 24) at p. 2.

On October 14, 2020, plaintiff sought leave to file the amended complaint it submitted for filing on October 9, 2021. The parties then stipulated to the filing of an amended complaint on October 21, 2020.

On November 3, 2020, despite the amendments, the Court granted the motion to compel regarding documents "related to the manufacturing techniques, recipes/ingredients used, equipment lists, vendors, standard operating procedures, and sourcing information of [plaintiff's] Rad Cat product line, but … not … marketing plans, growth strategies, production models, and inventory information."

On November 17, 2020, plaintiff withdrew its motion for partial summary judgment and filed objections to the Court's order granting the motion to compel. On January 4, 2021, The District Court affirmed the order granting the motion to compel.

Plaintiff did not produce the discovery as ordered and on February 9, 2021, submitted a voluntary notice of dismissal simply stating, "Plaintiff Radagast Pet Food, Inc. hereby dismisses

its claims against Defendants Centinela Feed, Inc. and The Lotus Pet Food, Inc." Notice of Dismissal (ECF 60). On that same day, the Court, through the Clerk, inquired of the parties:

> Just needing to confirm: Is this voluntary dismissal with or without prejudice, or does the language remain simply as 'dismissed as to all claims'? Also, should there be any reference to attorneys' fees and costs (i.e. – dismissed without costs or attorney fees to any party)?

Ex. 1 to the Declaration of Eric S. Postma (ECF 73-1) at p. 3.

Defendants responded that the dismissal should be with prejudice and that they would be submitting a request for fees and costs as a prevailing party. Id. Plaintiff responded

> I'd like the dismissal language to remain the same: "dismissed as to all claims." Defendants can file a fee/cost application, and Plaintiff reserves the right to object. As a result, I think the best thing to do is leave the dismissal silent on that particular point.

Id. at p. 2.

Accordingly, on February 11, 2021, the Court entered an Order of dismissal: "it is Ordered that this action is Dismissed as to all claims against Defendants Centinela Feed, Inc. and The Lotus Pet Food, Inc."

Defendants now move for an award of attorney fees in the amount of $115,398.00 and costs in the amount of $400.

## DISCUSSION

Plaintiff objects to the fee petition and cost bill asserting that a judgment has not been entered, defendants are not the prevailing party, and defendants were already denied fees in connection with their motion to compel.

In this diversity case, whether a party is entitled to attorney fees is determined by state law.

Keith Mfg., Co. v. Butterfield, 256 F. Supp. 3d 1123, 1132 (D. Or. 2017), vacated and remanded on other grounds, 955 F.3d 936 (Fed. Cir. 2020) (Federal law does not apply to the question of whether a party is entitled to recover attorney's fees in a diversity case). Under Or. R. Civ. P. 54A(1), upon notice of dismissal or stipulation, a party shall submit a form of judgment and the court shall enter a judgment of dismissal.

> When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by contract, statute, or rule. Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party.

Or. R. Civ. P. 54A(3).

Here, defendants are the dismissed parties. However, because the Order was silent as to whether dismissal was with prejudice, dismissal is considered to be without prejudice. Fed. R. Civ. P. 41(a)(2). Therefore, the dismissal does not operate as an adjudication on the merits and leaves the door open for plaintiff to refile. It thus appears a "judgment' for purposes of Or. R. Civ. P. 54A is missing.[1] Nonetheless, Under Fed. R. Civ. P. 41(a)(2), a voluntary dismissal may only be ordered on terms the Court considers proper. In this case, the Court sought the parties input regarding whether the Order should include a reference to attorney fees. The parties responded they intended to argue the reasonableness of fees and therefore requested the dismissal remain

---

[1] It is not clear if Rule 54A(3) still applies in this case to allow fees given that defendants did not stipulate to the dismissal and thus arguably "prevailed" by obtaining a court order of dismissal. Cf. Keith Mfg. Co. v. Butterfield, 2020 WL 4495456, at *4 (D. Or. Aug. 4, 2020) (Considering Oregon's statutes setting forth the requirements for the prevailing party analysis, and that ORCP 54A(3) expressly provides that there are circumstances in which voluntary dismissals do not support finding the dismissed party to be the prevailing party, the Court declines to find that Butterfield is the prevailing party simply because the parties filed the Stipulated Dismissal). Here, not only was the voluntary dismissal not stipulated, the action of the parties at the time suggest the parties intended to submit and argue an attorney fee petition. See Burger v. Rock & Roll Chili Pit, Inc., 2018 WL 1156237, at *2 (D. Or. Mar. 5, 2018) (allowing a fee petition after voluntary dismissal noting that in Keith, the stipulated dismissal was silent as to the issue of attorney fees, but here the stipulation included the following provision: "The parties reserve the right to submit petitions for attorney fees, costs and disbursements."); see also Keith Mfg Co., 2020 WL 449546 at *4 ("When a plaintiff unilaterally and voluntarily dismisses a defendant, the circumstances generally are more persuasive in showing that the defendant is the prevailing party.").

silent as to this issue. The clear implication from the parties was that they intended to pursue the issue of attorney fees after the dismissal Order was entered. Defendants had expended significant effort in defending the case to that point and at a minimum had successfully eliminated money damages from the claims against them. To allow plaintiff to cut their losses to revive their claims anew without the risk of a fee award for litigation would not be "proper."[2]

The NDA at issue in this case contained the following provision:

> In any litigation concerning this agreement, the prevailing party will be entitled to recover all reasonable expenses of litigation, including reasonable attorney fees at trial and on any appeal.

Ex. A at ¶ 11 (attached to First Amended Complaint (ECF 23-1).

As noted above, defendants prevailed in this litigation by obtaining an elimination of the money damages claim and ultimately being dismissed as a party to this action, albeit without prejudice. Defendants expended considerable effort in obtaining such a result and as noted, it would be improper to allow plaintiff to voluntarily dismiss this action at such a late stage in order to avoid an award of fees. Under Or. Rev. Stat. § 20.096 a contract action that provides for attorney fees and costs to enforce the contract shall be awarded to the prevailing party.

Defendants, as the party seeking fees, has the burden of showing that time spent by their attorneys was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, defendants must document the hours spent on the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Plaintiff, as the party

---

[2] The factors in determining whether an award of fees is proper under Rule 41 include: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. ME2 Prods., Inc. v. Sheldon, 2017 WL 4769121, at *3 (D. Or. Sept. 21, 2017), report and recommendation adopted, 2017 WL 4683924 (D. Or. Oct. 18, 2017).

Page 5 – FINDINGS & RECOMMENDATION

opposing the fees, must then rebut defendants' evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award.

Calculating a reasonable attorney's fee involves a two-pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to account for the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation. Blum, 465 U.S. at 897. Blum instructs courts to look at the prevailing market rates in the relevant market. Id. at 895, n. 11.

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

The fee claimant must demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Here, defendants seek $350/hour for 187.3 hours of work by attorney Eric Postma who has 21+ years of experience, $275/hour for 170.1 hours of work by attorney Nathan Pogue who has five years of experience, and $160/hour for 53.5 hours of work by paralegal Michelle Moore who has 30+ years of experience. Plaintiff does not object to these rates and based on the 2017 Oregon State Bar Economic Survey, and accounting for inflation, these rates are reasonable for professionals with the experience noted in this market.

Plaintiff also does not specifically object to the number of hours expended in this litigation. A review of the billing records demonstrates no redundant, excessive, or unnecessary work. Given the significant discovery issues and other matters addressed in these proceedings and in light of the nature of the proceedings, the number of hours expended on this litigation by defense counsel was reasonable.

Plaintiff argues that because the Court denied the fee request related to the discovery motion, the Court should then discount the hours spent on the motion to compel. Defendants were partially successful in the motion to compel and had plaintiff not opted to amend after the filing of the motion to compel, the Court likely would have required even more discovery. Moreover, plaintiff has yet to provide that discovery, opting instead to dismiss this lawsuit. In addition, fees sought in conjunction with a discovery motions are awarded under Fed. R. Civ. P 37(a)(5) and the denial of such fees does not necessarily determine that the time expended was unreasonable but may be denied if the nonmoving party's position was substantially justified as was the case here. Nonetheless, the Court finds the hours expended on the motion to compel were reasonable and

played in integral role in the amendment of the complaint to eliminate damages and ultimately dismissal. Accordingly, fees should be awarded in the amount of $115,398.00. In addition, the bill of costs should be granted in the amount of $400.

## CONCLUSION

Defendants' motion for an award of attorney fees (ECF 62) should be granted in the amount of 115,390.00. In addition, defendants' bill of costs (ECF 65) should be allowed in the amount of $400.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 18th day of May, 2021.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge